# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| JAY WILLIAMS, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. 6:23-CV-00213 |
| | § |
| BOTIE HILLHOUSE, | § |
| | § |
| Defendant. | § |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jay Williams, a pretrial detainee confined in the Henderson County Jail, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff filed his original complaint on May 1, 2023. On May 3, 2023, the Court issued a Deficiency Order (Dkt. #2). Plaintiff was given thirty days from the receipt of the Order to submit either the $402.00 filing fee or a completed application to proceed *in forma pauperis* and a properly certified *in forma pauperis* data sheet. Plaintiff was warned that the lawsuit may be dismissed if he did not comply with the Order. The Clerk of Court supplied Plaintiff with a copy of the application to proceed IFP with the Order.

The Court observes that Plaintiff submitted a handwritten "coupon" for $402 in response to the Court's Order on May 15, 2023. (Dkt. #3.) The statutes cited on the face of the coupon simply define the terms "obligation or other security of the United States" and "financial institution" as they are used elsewhere in federal law. 18 U.S.C. §§ 8, 20. They do not establish that Plaintiff's manufactured "coupon" is federal currency, and they have no bearing on his obligation to pay the filing fee for this case. Any argument otherwise is in bad faith.

Plaintiff is advised that the Clerk's office accepts checks, money orders, credit cards, and debit cards. *See* United States District Court – Eastern District of Texas Frequently Asked Questions, available at http://www.txed.uscourts.gov/?q=frequently-asked-questions (last visited May 24, 2023). The Court does not maintain an online fee payment portal. If Plaintiff chooses to pay in full rather than seek permission to proceed IFP, it is his responsibility to effect payment, either by processing a payment from his jail trust account or having another individual call or appear at the courthouse to offer an acceptable form of payment on his behalf.

Plaintiff has not paid the filing fee or submitted an application to proceed *in forma pauperis*, or the requisite *in forma pauperis* data sheet. He has not complied with the orders of the Court.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); FED. R. CIV. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541 (5th Cir. 1978). Not only may a district court dismiss for

want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164 (5th Cir. 1980). Plaintiff has not complied with the Court's orders; thus, the lawsuit should be dismissed.

### Recommendation

It is therefore recommended that the complaint be dismissed without prejudice for want of prosecution and failure to obey an order. FED. R. CIV. P. 41(b).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 6th day of June, 2023.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE